1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLA P.,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Case No. 3:21-CV-05741-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for supplemental security income (SSI) benefits.

        The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13.

I.        ISSUES FOR REVIEW

        A.  Whether Res Judicata Should Apply to the ALJ's 2018 RFC Determination

        B.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

II.        BACKGROUND

        On July 29, 2014, plaintiff filed an application for Supplemental Security Income

("SSI"), alleging a disability onset date of March 1, 2012. Administrative Record ("AR")

114. Plaintiff's application was denied upon official review and upon reconsideration. *Id*.

A hearing was held before Administrative Law Judge ("ALJ") Rebecca L. Jones on July

18, 2019. AR 72–110. On February 12, 2018, ALJ Jones issued a decision finding that plaintiff was not disabled. AR 111-29. Plaintiff did not appeal the denial of her application, making the February 12, 2018 decision administratively final.

On December 19, 2018, plaintiff protectively filed an application for SSI, alleging a disability onset date of February 7, 2018. AR 13. Plaintiff's application was denied upon official review and upon reconsideration. *Id*. A hearing was held before ALJ Lyle Olsen on December 14, 2020, during which plaintiff amended her alleged onset date to December 19, 2018. AR 35–71. On January 21, 2021, ALJ Olsen issued a decision finding that while plaintiff had rebutted the presumption of continuing nondisability from the 2018 decision, plaintiff was not disabled. AR 10–34.

Plaintiff seeks judicial review of the ALJ's January 21, 2021 decision. Dkt. 10.

III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.    DISCUSSION

In this case, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, cervical spine, with stenosis at C4-5 and a history of cervical spine fusion at C5-6 and C6-7; degenerative disc disease, lumbar spine; status post right shoulder surgery; morbid obesity; asthma/COPD (severe when considered in

combination with obesity); osteoarthritic changes in the left hip (severe when considered in combination with obesity); mild degenerative changes, left knee (severe when considered in combination with obesity); osteoarthritis of the right carpometacarpal joint; depressive disorder; and a social anxiety disorder. AR 16. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a reduced range of light work. AR 28. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform her past relevant work, but could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that plaintiff was not disabled. AR 29.

A. <u>Whether Res Judicata Should Apply to the ALJ's 2018 RFC Determination</u>

In the ALJ's February 2018 decision, the prior ALJ assessed that plaintiff could reach overhead bilaterally no more than occasionally and engage in superficial interaction with co-workers no more than occasionally. AR 125. In the current decision, the ALJ assessed that plaintiff can frequently reach overhead with her bilateral upper extremities and interact frequently with her supervisors and co-workers. AR 20-21.

Plaintiff argues that the ALJ failed to properly "apply *res judicata*" to the residual functional capacity (RFC) findings from the February 2018 decision, contrary to *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) and Social Security Acquiescence Ruling (SSAR) 97-4(9) (Dec. 3, 1997). Dkt. 10, pp. 3-5.

"The principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove "changed

circumstances," indicating a greater disability." *Chavez*, 844 F.2d at 693 (internal

citation omitted). *See also Green v. Heckler*, 803 F.2d 528, 531 (9th Cir. 1986)

(changed circumstances include a showing impairments became more severe since the

date of the earlier decision).

      If the claimant has rebutted the presumption, "[t]he first administrative law judge's

findings concerning the claimant's residual functional capacity, education, and work

experience are entitled to some res judicata consideration in subsequent proceedings,"

unless there is new and material evidence related to those findings or a change in law

or regulations. *See Chavez*, 844 F.2d at 693; SSAR 97-4(9).

      Both parties agree that plaintiff has proven her "changed circumstances,"

rebutting the presumption of continuing nondisability with new evidence of her additional

severe impairments. Dkt. 10, pp. 3; AR 14. The question therefore is whether the prior

ALJ's findings about plaintiff's ability to reach overhead and interact with others are

"entitled to some res judicata consideration" by the current ALJ. Plaintiff contends that,

because she successfully rebutted the presumption of continuing nondisability, *Chavez*

requires the current ALJ to adopt the prior ALJ's RFC findings. Dkt. 10, pp. 3–5 .

      But this is not always the case. "[T]he *Chavez* presumption does not prohibit a

subsequent ALJ from considering new medical information and making an

updated RFC determination." *Alekseyevets v. Colvin*, 524 Fed. Appx. 341, 344 (9th Cir.

2013). Under *Chavez*, the current ALJ is allowed to adopt the prior ALJ's findings --

unless there is new evidence, not already considered by the prior ALJ, related to those

findings that could change their evaluation. 844 F.2d at 694.

Here, the current ALJ found that the new evidence would "support the assessment of a different residual functional capacity than the finding in the prior ALJ decision." AR 14. The new evidence consisted of treatment notes about plaintiff's upper extremities, treatment records from plaintiff's therapy sessions, and plaintiff's testimony during the hearing about her interactions with friends and coworkers. AR 58-59, 296, 455-58, 748, 795, 800, 802, 804-05, 809, 813, 815, 817, 819, 823, 825, 829, 831, 834, 837, 845, 865, 870, 906. These records were provided after the 2018 ALJ decision, therefore the prior ALJ would not have been able to consider them to determine plaintiff's prior RFC. As they are evidence relating to the prior RFC findings and they are materials that were not used in calculating those prior findings, the current ALJ was allowed to consider these new materials and change the determination of plaintiff's RFC. The current ALJ therefore "did not err by considering new medical information and revising [plaintiff's] RFC based on recent medical evaluations and results." *Alekseyevets*, 524 Fed. Appx. at 344.

B. Whether the ALJ Properly Evaluated Medical Opinion Evidence

Plaintiff assigns error to the ALJ's decision to discount the medical opinions of Dr. Senske, Dr. Wheeler, and Dr. Lewis, as well as medical opinions predating plaintiff's alleged onset date. Dkt. 10, pp. 5–13.

1. Medical Opinion Standard of Review

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

2. Opinion of Dr. Senske

As discussed below, the ALJ erred by discounting the portion of Dr. Senske's opinion relating to plaintiff's memory impairment, but reasonably concluded that the portion of the opinion pertaining to plaintiff's mental health affecting her concentration was inconsistent with the overall medical record.

Jeremy Senske, Psy.D. evaluated plaintiff on March 4, 2019 by conducting a mental evaluation and reviewing plaintiff's medical records. AR 460-64. Dr. Senske opined that plaintiff has "some impairment in understanding and memory at times," "generally poor" ability to sustain concentration and persistence, and "limited ability" with interacting socially. *See* AR 464. Dr. Senske also opined that plaintiff's ability to

1  concentrate, persistence, and pace is intact for the most part "unless she has increased

2  physical functional issues or depression." AR 463.

3      Plaintiff assigns error to the ALJ's decision to discount Dr. Senske's opinion due

4  to its inconsistency with (1) Dr. Senske's own treatment notes and (2) the objective

5  medical record. Dkt. 10, pp. 8–10; AR 26.

6      With regards to the ALJ's first reason, an ALJ may reject a doctor's opinions

7  when they are inconsistent with the doctor's own treatment notes. *Nguyen v.*

8  *Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996). Here, the ALJ found Dr. Senske's opinion

9  about plaintiff's understanding and memory impairment contradictory to Dr. Senske's

10  own notes about plaintiff having intact immediate memory and fund of knowledge. AR

11  26 (citing AR 464). However, Dr. Senske's opinion explicitly stated that plaintiff has

12  impaired memory "at times," and, as the ALJ acknowledged in the decision, plaintiff's

13  ability to only remember one of three objects after a five-minute delay during the mental

14  examination indicated specifically that plaintiff's *recent* memory was impaired, not her

15  *immediate* memory. AR 463. There are no inconsistencies within Dr. Senske's opinion

16  about plaintiff's impaired memory, therefore the ALJ's decision to discount this portion of

17  Dr. Senske's opinion was error.

18      The ALJ's decision to discount the portion of Dr. Senske's opinion about

19  plaintiff's poor concentration was similarly not supported by substantial evidence. In

20  finding this portion of Dr. Senske's opinion "less persuasive," the ALJ pointed to the

21  treatment notes about plaintiff's ability to complete serial threes, spell "world" forward

22  and backward, and follow a three-step command during the mental status examination.

23  AR 26 (citing AR 463). The ALJ also pointed to the notes describing plaintiff's ability to

24

25

complete activities of daily living. *Id*. But, as the ALJ acknowledges in the decision, during the examination, plaintiff also could not complete serial sevens and had to discontinue after reaching 93. AR 463.

Additionally, the treatment notes show that plaintiff had difficulties with sustaining activities for lengthy periods of time, that plaintiff sometimes was not able to complete her activities of daily living, and the activities that she was able to complete were "basic in nature." *Id*. Dr. Senske's opinion about plaintiff having "generally poor" ability concentrate and persist are not inconsistent with his own notes, and the ALJ's decision to discount this portion of the opinion was error.

Regarding the ALJ's second reason, a finding that a physician's opinion is inconsistent with the medical record may serve as a specific and legitimate reason for discounting it. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes). Here, the ALJ discounted the portion of Dr. Senske's opinion about plaintiff's ability to concentrate, persist, and pace because it was inconsistent with records showing that her mental health symptoms had improved. AR 26.

The government cites to several medical records that consistently describe plaintiff as "stable," lacking significant symptoms, and "well-managed," substantially supporting the ALJ's finding. AR 795, 800, 802, 804-05, 809, 811, 813, 815, 817, 819, 823, 825, 829, 831, 834, 837, 841, 845, 865, 870. The government also cites to results from examinations noting showing plaintiff had normal mental status, mood, affect, and thought process. AR 374, 391, 398, 443, 643, 650, 672, 745, 751, 758. Most of these

1    examinations were conducted during plaintiff's appointments for foot, ankle, or leg

2    pain—only four were conducted during plaintiff's appointments for depression and

3    anxiety. AR 391, 398, 745, 751. Nonetheless, the records consistently and substantially

4    support the ALJ's finding, therefore the ALJ did not err in discounting this portion of Dr.

5    Senske's portion.

6        3.   Opinion of Dr. Wheeler

7        Kimberly Wheeler evaluated plaintiff on June 6, 2019 by conducting a

8    psychological/psychiatric evaluation, which consisted of a clinical interview, mental

9    status exam, and a review of plaintiff's medical records. AR 681-85. Dr. Wheeler

10   diagnosed plaintiff with social anxiety, moderate, and unspecified depression. AR 682.

11   Based on these impairments, she opined that plaintiff would have a marked limitation

12   with performing activities within a schedule, maintaining regular attendance, and being

13   punctual within customary tolerances without special supervision. AR 683.

14       Plaintiff assigns error to the ALJ's decision to discount Dr. Wheeler's opinion

15   because it was inconsistent with (1) Dr. Wheeler's own treatment notes and (2) the

16   objective medical records. Dkt. 10, pp. 10-11; AR 26.

17       As to the ALJ's first reason, an ALJ may reject a doctor's opinions when they are

18   inconsistent with the doctor's own treatment notes. *Nguyen v. Chater,* 100 F.3d 1462,

19   1464 (9th Cir. 1996). Here, the ALJ found the marked limitation assigned by Dr.

20   Wheeler inconsistent with Dr. Wheeler's own observation that plaintiff's thought process

21   and content, orientation, perception, fund of knowledge, abstract thought, and insight

22   and judgment were within normal limits. AR 684-85.

23       But these observations do not necessarily contradict Dr. Wheeler's opinion,

24   which was provided based on plaintiff's ability to sustain a work activity within a normal

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

workday and workweek. The conditions of participating in a medical appointment are not analogous to conditions of full-time employment in a workplace. Additionally, plaintiff points out—and the government admits—that the ALJ incorrectly stated Dr. Wheeler's observation about plaintiff's concentration. Contrary to what the ALJ wrote in the decision, Dr. Wheeler found that plaintiff's concentration was not within normal limits and plaintiff was "easily disrupted by pain, worry, low mood." AR 685. There is not substantial evidence in the record to support a finding of inconsistencies, therefore the ALJ's decision to discount her opinion for this reason was error.

Regarding the ALJ's second reason, a finding that a physician's opinion is inconsistent with the medical record may serve as a specific and legitimate reason for discounting it. *See* §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here, the government points to a series of notes from plaintiff's therapy sessions describing her as appearing stable, displaying no significant symptoms, and her symptoms as "well-managed." AR 800, 802, 804-05, 809, 811, 813, 815, 817, 819, 823, 825, 829, 831, 834, 837, 841, 845, 865, 870. The government also contends the ALJ's decision is supported by records of plaintiff's physical examinations showing normal mental status, mood, affect, and thought process. AR 374, 391, 398, 443, 643, 650, 672, 745, 751, 758.

But Dr. Wheeler's limitations were specifically assessed in the context of plaintiff's ability to effectively complete work activities within a given workday. In contrast, the cited evidence were from plaintiff's medical appointments, where conditions are not analogous to those of a competitive working environment. The treatment notes describing plaintiff as "stable" were from plaintiff's therapy sessions,

with a duration of at least ten minutes (AR 840) and at most one hour and seven

minutes (AR 832). Plaintiff would not have undergone the same demands and

pressures within these sessions as she would if she worked full time in a competitive

working environment. Further, the therapy notes consistently describe plaintiff as having

concentration problems or anxiety when interacting with others. AR 799, 802, 806-07.

810, 812, 814, 820-22, 824, 826, 828, 830, 832-34, 836, 838, 840, 846-47, 849, 851,

854, 858, 860, 864, 866, 868, 870, 871, 873. There is no substantial evidence

supporting the ALJ's finding that Dr. Wheeler's opinion was inconsistent with the

objective medical record, therefore the ALJ erred in discounting the opinion for this

reason.

    4.  <u>Opinion of Dr. Lewis</u>

    Janis Lewis, Ph.D. evaluated plaintiff on June 25, 2019 by reviewing her medical

records. AR 675-80. She opined that plaintiff would have a marked limitation with

performing activities within a schedule, maintaining regular attendance, and being

punctual within customary tolerances. AR 677. She further opined that the highest level

of work plaintiff can perform is at the sedentary level, so plaintiff could only lift ten

pounds maximum, frequently lift or carry small articles, sit for most of the day, and walk

and stand for brief periods. *Id*.

    Plaintiff assigns error to the ALJ's decision to discount Dr. Lewis's opinion

because (1) it was conclusory and (2) inconsistent with objective medical evidence. Dkt.

10, pp. 11-12; AR 26.

    Regarding the ALJ's first reason, an ALJ may "permissibly reject[ ] . . . check-off

reports that [do] not contain any explanation of the bases of their conclusions." *Molina v.

Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted)

(quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)). Here, the ALJ noted that Dr. Lewis provided her opinion in the form of a checkbox without any explanations for her findings and conclusions. *See* AR 675-80. Yet, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)). Included in Dr. Lewis's opinion are the medical records she reviewed to assess plaintiff's limitations. AR 675. The ALJ, in finding Dr. Lewis's opinion conclusory, did not refer to those records or discuss whether the referenced records either supported or contradicted the sedentary level of work assigned to plaintiff. Without more, the Court cannot say whether the ALJ validly discounted Dr. Lewis's opinion for its conclusory nature.

The ALJ, however, may discount Dr. Lewis's opinion if it is inconsistent with the medical record. *See* §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here, the ALJ found Dr. Lewis's assessment about plaintiff's level of work was inconsistent with the physical assessment conducted by Dr. Sethi, who found that plaintiff would be able to sit, stand, and walk for eight hours; carry 20-25 pounds frequently and 30-50 pounds occasionally, and handle objects normally. AR 458. This is contrary to the sedentary level of work Dr. Lewis opined plaintiff would be able to do, therefore the ALJ's decision to discount Dr. Lewis's opinion is supported by substantial evidence.

Plaintiff also argues the ALJ failed to discuss Dr. Lewis's opinion about plaintiff's mental limitations. Dkt. 10, p. 12. The ALJ discussed this portion of Dr. Lewis's opinion, and determined it was inconsistent with the objective medical record – specifically, with

the mental examination conducted by Dr. Wheeler. AR 26 (citing AR 681-85). In the previous section, the Court found Dr. Wheeler's own examination did not negate her opinion that plaintiff would have marked limitation with performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. Dr. Lewis's opinion regarding this limitation is the same as Dr. Wheeler's opinion (AR 677). Therefore, Dr. Wheeler's examination does not negate Dr. Lewis's opinion about plaintiff's mental limitation.

In sum, the Court finds that the ALJ did not err in discounting the portion of Dr. Lewis's opinion regarding plaintiff's sedentary level of work – substantial evidence supports the ALJ's decision that opinion was inconsistent with the objective medical evidence. But, the ALJ did err in discounting Dr. Lewis's opinion about plaintiff's mental limitation because this portion of the ALJ's decision was not supported by the record.

5.  Opinions Predating the Relevant Period

Plaintiff argues that the ALJ erred by failing to consider the medical opinions of Dr. Bowes, Dr. Wheeler from 2018, and Dr. Krueger because they predated the plaintiff's alleged onset date. Dkt. 10, p. 13; AR 27. Each of these medical professionals performed a psychiatric/psychological examination, and each of them found that plaintiff had mild to marked limitations due to her mental impairments. AR 688, 682, 703.

While "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.2008), an ALJ still "must 'consider all medical opinion evidence.'" *Williams v. Astrue*, 493. Fed. Appx. 866, 868 (9th Cir. 2012) (quoting *Tomasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008)).

1    Rejecting medical opinion evidence for the sole reason that the opinions were

2    provided prior to plaintiff's amended onset date is not in itself a valid reason. Here, the

3    ALJ briefly explained that, in addition to the opinions predating plaintiff's amended onset

4    date, the overall record and plaintiff's treatment records since her amended onset date

5    do not support the work-related mental limitations assigned by Dr. Bowes, Dr. Kreuger,

6    and Dr. Wheeler from 2018. AR 27. In the previous sections, the ALJ similarly cited to

7    the overall record and plaintiff's treatment records to discount the similar work-related

8    limitations assessed by Dr. Lewis and Dr. Wheeler in 2019. AR 26.

9    The Court found they were not necessarily inconsistent with plaintiff's work-

10   related mental limitations. Similarly, the Court also finds here that the overall record and

11   the plaintiff's medical treatment records do not necessarily contradict the similar work-

12   related mental limitations assigned by Dr. Bowes, Dr. Kreuger, and Dr. Wheeler from

13   2018. The ALJ's decision to reject their opinions is not supported by substantial

14   evidence, therefore the ALJ erred in doing so.

15      C. Harmless Error

16   Harmless error principles apply in the Social Security context. An error is

17   harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's

18   "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d

19   1050, 1055 (9th Cir. 2006).

20   The ALJ's errors are not harmless because a proper evaluation of the medical

21   opinions of Dr. Senske, Dr. Wheeler, Dr. Lewis, and those predating the plaintiff's onset

22   date could change the ALJ's assessment of plaintiff's RFC and may affect the

23   hypotheticals provided to the Vocational Expert.

24

25

1    D. <u>Remand With Instructions for Further Proceedings</u>

2        "'The decision whether to remand a case for additional evidence, or simply to

3    award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

4    682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

5    an ALJ makes an error and the record is uncertain and ambiguous, the court should

6    remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

7    (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

8    the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

9    at 668.

10       The Ninth Circuit has developed a three-step analysis for determining when to

11   remand for a direct award of benefits. Such remand is generally proper only where

12       "(1) the record has been fully developed and further administrative
13       proceedings would serve no useful purpose; (2) the ALJ has failed to
         provide legally sufficient reasons for rejecting evidence, whether claimant
14       testimony or medical opinion; and (3) if the improperly discredited
         evidence were credited as true, the ALJ would be required to find the
15       claimant disabled on remand."

16   *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

     2014)).

17       The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

18   satisfied, the district court still has discretion to remand for further proceedings or for

19   award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

20       As discussed above, the ALJ harmfully erred in evaluating medical opinion

21   evidence. On remand, the ALJ is directed to re-evaluate the medical opinions of: Dr.

22   Senske as to plaintiff's memory impairment, Dr. Wheeler's 2019 opinion, Dr. Lewis's

23   opinion as to plaintiff's mental limitations, and the opinions predating plaintiff's onset

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15

date. The ALJ is also directed to allow plaintiff to provide additional testimony and evidence, as necessary to clarify the record.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 28th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge